**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY,
962 Wayne Ave., Suite 610
Silver Spring, MD 20910

*Plaintiff*,

v.

U.S. FOREST SERVICE
1400 Independence Ave., SW
Washington, D.C. 20250-0003

*Defendant.*

CIVIL ACTION NO. 26-cv-3408

**COMPLAINT**

## INTRODUCTION

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Forest Service ("USFS") to immediately process, make a final determination on, and timely release non-exempt records sought by PEER on the use of non-disclosure agreements (NDAs) by the USFS.

2. If the public has access to NDAs for USFS employees, it will have a better understanding of the extent to which USFS operations and activities are being kept confidential. In light of recent staffing and funding cuts to government oversight entities, the ability for USFS employees to share information is fundamental to the public's understanding of how the Agency is functioning and carrying forth its mission.

3. USFS has had a practice of requiring certain employees to sign NDAs. As recently as 2024 and 2025, USFS responded to a U.S. Department of Agriculture Office of Inspector General (“USDA OIG” or “OIG”) audit on the use of NDAs.

4. In October 2024, USDA OIG issued an inspection report entitled *USDA Compliance With Anti-Gag Provisions*.[1] The inspection report’s objective was to determine whether USDA policies, forms, and agreements complied with the specific anti-gag provisions required by the Whistleblower Protection Enhancement Act and 5 U.S.C. § 2302.

5. The inspection report confirmed that USFS has its own NDA policies and forms, and the ones OIG sampled all failed to include the legally required anti-gag provision.

6. USFS concurred with OIG’s recommendation and committed to:

    a. Review its NDA policies and forms and update them, as appropriate, to add the anti-gag provision.

    b. Review and re-issue/update active NDAs for current employees who signed after November 27, 2012.

7. USFS’s estimated completion date was October 2025.

8. On April 17, 2026, PEER submitted a FOIA request to USDA OIG for copies of any and all NDAs or draft NDAs prepared for or signed by any USFS employee on or after January 20, 2025. The request was referred to USFS on May 22, 2026, for processing and direct response.

9. The release of the requested records would allow the public to see directly the extent to which USFS is requiring or asking employees to sign NDAs and the conditions contained in those NDAs.

[1] U.S. Dep’t of Agric. Off. of the Inspector Gen., *USDA Compliance With Anti-Gag Provisions* (50801-0001-23, October 2024).

10. Defendant failed to produce any of the requested records or make a final determination on PEER's FOIA request by the statutory deadline and has continued to fail to fulfill these obligations in the ensuing months. PEER brings this action against USFS under FOIA, 5 U.S.C. § 522, and the Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq.*, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.
12. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.
13. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).
14. Plaintiff has exhausted or is deemed to have exhausted its administrative remedies for this request pursuant to 5 U.S.C. § 552(a)(6)(C)(i) because Defendant failed to comply with FOIA's applicable time limits. Plaintiff is now entitled to judicial relief under U.S.C. § 552(a)(4)(B), 28 U.S.C. § 2201 *et. seq.*, enjoining Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

15. Plaintiff is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland.
16. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current

public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. Therefore, PEER has an institutional investment in the conduct of USFS and whether it is complying with congressionally mandated whistleblower protections. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

17. Defendant USFS is an agency of the federal government as defined by 5 U.S.C. § 552(f)(1).
18. Upon information and belief, USFS has in its possession, custody, or control the records responsive to PEER's FOIA request.

## **LEGAL BACKGROUND**

19. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).
20. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).
21. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).

## STATEMENT OF FACTS

22. On April 17, 2026, PEER submitted a FOIA request to USDA OIG seeking the following:

    a. Copies of any and all non-disclosure agreements or draft non-disclosure agreements prepared for or signed by any Forest Service employee on or after January 20, 2025.

23. On April 17, 2026, PEER received an email from USDA OIG stating that the FOIA request was assigned case number 26-FOIA-00039.

24. On May 22, 2026, USDA OIG sent a letter to PEER, claiming that based on the information provided in the request, it would not have records responsive to the request; however, USFS may maintain such records. Therefore, USDA OIG referred the request to the USFS FOIA Office for processing and direct response.

25. On May 26, 2026, USFS sent an email to PEER. The email acknowledged receipt of the FOIA request and assigned it tracking number 2026-FS-WO-04788-F. USFS requested clarification on the scope of the request, stating that it was "very broad" and "it would require every employee of the Forest Service to conduct a search." USFS said it "does not have a centralized database to track this information." Additionally, USFS asked if there was a specific program area or individual/group of employees PEER would like USFS to search. USFS stated the request was on hold until such clarification was provided.

26. On July 1, 2026, USFS sent an email to PEER requesting clarification on the scope of the request. Specifically, USFS asked if there was a specific program area or individual/group of employees that should be searched.

27. On July 7, 2026, PEER sent an email to USFS, stating:

    a. PEER is only seeking non-disclosure agreements (final or draft) prepared by the federal government for Forest Service employees. PEER is willing to exclude

classified information non-disclosure agreements (SF-312s). PEER does not believe this will require a search of all employees, only those entities that prepared or maintain non-disclosure agreements. PEER is unable to exhaustively identify specifically all such entities, but examples may include HR offices for generalized nondisclosure agreements and contracting offices for contract evaluation-related non-disclosure agreements.

28. On August 28, 2026, PEER sent an email to USFS, requesting an update on its FOIA request.

29. On August 29, 2026, USFS sent an email to PEER with the following update:

    a. Clarification to conduct a reasonable search was requested on 05/26 and request was put on hold pending your response. We received your clarification on 07/07 and began processing your request. The records custodians are currently searching for responsive records. We will begin our review once we receive the records.

30. On August 31, 2026, PEER sent an email to USFS to schedule a call for September 2, 2026, to discuss outstanding FOIA requests.

31. On September 4, 2026, PEER sent an email to USFS, describing the contents of the call that occurred on September 2, 2026. In sum, PEER stated that it was unable to narrow the scope of the FOIA request any further, and the FOIA request pertained to important public policy issues. PEER asserted it would sue within the next two weeks if it did not receive a meaningful response.

32. On September 8, 2026, USFS sent an email to PEER, acknowledging receipt of its September 4, 2026, email.

33. To date, PEER has not received a final determination or any records related to this request.

**CLAIM FOR RELIEF**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**

34. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

35. PEER properly requested records within the possession, custody, and control of USFS.

36. USFS is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

37. Under FOIA, USFS was required to respond to PEER's FOIA request and to notify Plaintiff of its determination within twenty working days of receiving the request. 5 U.S.C. § 552(a)(3).

38. Twenty working days from PEER's FOIA request to USDA OIG, 26-FOIA-00039, was May 15, 2026. USFS received the FOIA request from USDA OIG on May 22, 2026, assigned it tracking number 2026-FS-WO-04788-F, and placed it on hold between May 26, 2026, and July 7, 2026. Twenty working days from July 7, 2026, was August 4, 2026. At no time did USFS claim an extension was necessary due to "unusual circumstances."

39. As of the date of this filing, USFS has not made the records "promptly available" nor has USFS made a final determination on PEER's FOIA request within twenty working days.

40. The failure of USFS to provide PEER with the timely release of all non-exempt records requested and its failure to make a final determination on PEER's FOIA request within the statutory deadline are violations of 5 U.S.C. § 552.

41. Plaintiff has constructively exhausted its administrative remedies for the FOIA request described in this complaint and now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

42. Unless it is enjoined by this Court, USFS will continue to violate PEER's legal right to be provided with the information that PEER sought in its FOIA request.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Order USFS to immediately make a final determination and produce the non-exempt records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs, pursuant to 5 U.S.C. § 552(a)(4)(E);

ii. Declare unlawful Defendant's failure to provide Plaintiff with the statutorily-required determination on the FOIA request within the FOIA deadline;

iii. Declare unlawful Defendant's failure to make the requested records promptly available to Plaintiff;

iv. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA request;

v. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

vi. Order Defendant to produce a Vaughn index of any responsive records or portions of records withheld under the claim of a FOIA exemption;

vii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court; and

viii. Grant such other relief as the Court deems just and proper.

Respectfully submitted on September 30, 2026,

*/s/ Colleen Zimmerman*
Colleen Zimmerman, DC Bar #90003410
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
202-464-2293
czimmerman@peer.org

*Attorney for Plaintiff*